COMMONWEALTH *vs.* RONALD BETHEL. February 26, 1982. The defendant appeals from his conviction of receiving a stolen trailer. In February, 1976, the trailer, loaded with sneakers, had been stolen from a manufacturer in Malden and moved to Milford, where it was parked behind a business establishment with other trailers and unloaded. The superintendent of the business establishment, one Foti, sold the empty trailer to the defendant for $1,000, kept $500 for himself, and gave the other $500 to one of the persons who had unloaded the trailer. The defendant used the trailer for a time for storage purposes. In May, 1978,

having earlier removed one of the two axles with its four wheels and tires, the defendant sold the trailer to one DesLauriers for $1,300, from whose possession the police, alerted by the absence of a manufacturer's serial number plate, recovered the trailer in April, 1979.

At trial the Commonwealth was permitted to introduce evidence of the conversation between Foti and the men who unloaded the trailer on the theory that hearsay contained therein fell within the coconspirators' exception to the hearsay rule. See *Commonwealth v. Borans*, 379 Mass. 117, 145-148 (1979). That exception did not apply, as there was no evidence that the defendant had any dealings with Foti until a later time. *Commonwealth v. Pleasant*, 366 Mass. 100, 103-104 (1974). We need not decide whether the conversations were admissible for their bearing on Foti's state of mind in his later dealings with the defendant. See *Commonwealth v. Wampler*, 369 Mass. 121, 122-123 (1975). Whatever bits of arguable hearsay (the statement authorizing Foti to sell the trailer, the statement to the effect that the trailer was "clean") were contained in those short conversations were in no way harmful, but rather helpful in their general tendency, to the defendant.

More troublesome was the judge's charge to the jury on the subject of joint venture and the possibility of imputing acts and statements of one of a group of joint venturers to the others. Here it was stipulated that the trailer had been stolen and that it had been purchased by the defendant. The sole issue to be tried was the defendant's knowledge that the trailer was stolen. The concept of joint venture could not help the jury to resolve that question, because the defendant could not be found part of a joint venture to receive stolen goods unless he knew they were stolen. (Indeed, our research has not turned up any case which analyzes a usual, arms-length relationship between a buyer and a seller in terms of "joint venture." Compare *Commonwealth v. Favulli*, 352 Mass. 95, 108-110 [1967].) Despite the judge's earlier instruction that the jury were not to find the defendant guilty unless they found he had actual knowledge that the trailer was stolen, the subsequent joint-venture instruction could only have had a tendency to suggest to the jury that the defendant's guilt could be predicated simply on his having engaged in dealings with one who knew the goods were stolen. Defense counsel made timely objection to the joint-venture portion of the charge. The evidence against the defendant was not so overwhelming that the error could be regarded as harmless.

*Judgment reversed.*

*Verdict set aside.*

*Kevin M. Keating* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.